**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-7998**

───────────

TERRY L. HUTTO,

Petitioner - Appellant,

versus

GARY MAYNARD, Director; SOUTH CAROLINA
DEPARTMENT OF CORRECTIONS; HENRY MCMASTER,
Attorney General of the State of South
Carolina,

Respondents - Appellees.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  David C. Norton, District Judge.
(CA-04-108)

───────────

Submitted:  July 29, 2005          Decided:  August 18, 2005

───────────

Before LUTTIG, MOTZ, and SHEDD, Circuit Judges.

───────────

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

───────────

Terry L. Hutto, Appellant Pro Se.  Donald John Zelenka, Chief
Deputy Attorney General, John William McIntosh, Assistant Attorney
General, Columbia, South Carolina, for Appellees.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Terry L. Hutto appeals the district court's order accepting the recommendation of the magistrate judge and denying his 28 U.S.C. § 2254 (2000) petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The district court granted a certificate of appealability with respect to Hutto's claim that the district court erred in finding Hutto's § 2254 petition untimely. We have reviewed the record and find that the district court correctly concluded that Hutto's petition was untimely filed. Accordingly, we affirm the district court's findings on this issue. See Hutto v. Maynard, No. CA-04-108 (D.S.C. Nov. 23, 2004).

The district court declined to issue a certificate of appealability on Hutto's remaining claims. Hutto seeks to expand the certificate of appealability as to the claims rejected by the district court. In his motion to expand, Hutto reargues the claims he sought to raise in his untimely § 2254 petition. Hutto cannot obtain a certificate of appealability as to these claims absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003);

- 2 -

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001).  We have independently reviewed the record and conclude that Hutto has not made the requisite showing. Accordingly, we deny Hutto's motion to expand the certificate of appealability as to his remaining claims and dismiss the appeal as to these claims.

We grant leave to proceed in forma pauperis, and deny Hutto's motion for appointment of counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>